CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 18 2021

JULIA C. DUDLEY, CLERK
BY: /s/ S. Nekirk
    DEPUTY CLERK

IN THE UNITED STATES DISCTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

ROANOKE DIVSION

| | |
|---|---|
| | NO: 7:21cv00495 |
| DONNIE T.A.M. KERN | |
| Plaintiff, | AMENDED COMPLAINT PURSUANT COURT ORDER |
| V. | HON. JAMES P. JONES |
| GEORGE M. GARTEN IN OFFICIAL CAPACITY OF CHAIRMAN & MEMBER ALLEGHANY COUNTY BOARD OF SUPERVISORS | COMPLAINT & PLEADING DECLARATORY JUDGEMENT & INJUNCTIVE RELIEF |
| Et. Al. | JURY DEMANDED |
| Defendants, | |

**COMPLAINT & PLEADING FOR DECLARATORY JUDGEMENT**

**UNDER RULE 57 AND INJUNCTIVE RELIEF UNDER RULE 65**

**COMES NOW** the Plaintiff, Donnie T.A.M. Kern via Pro Se in filing the

complaint and pleading against the Defendant(s) in their official capacity(s) as

chairman and member(s) of the Alleghany County Board of Supervisors

(hereinafter "ACBS"), Patrick Jensen in the official capacity of Commonwealth Attorney, Jim Guynn in the official capacity of Special Counsel for the Commonwealth Attorney, and Honorable Judge Ed Stein in the official capacity as Presiding Judge for the Alleghany County Circuit Court Case CL20-827, all of which are citizens of Virginia.

## PRELIMINARY STATEMENT

1. This case comes before this Court in urgency and is of great and imminent National concern in-order-to adhere to a Congressional mandate to eliminate discriminatory practices against individuals with disabilities that was codified under the Americans with Disabilities Act of 1990 (42 U.S.C. §12101(b)(1).

2. In the 1800s, people with disabilities were considered meager, tragic, pitiful individuals unfit and unable to contribute to society, except to serve as ridiculed objects of entertainment in circuses and exhibitions. They were assumed to be abnormal and feeble-minded, and numerous persons were forced to undergo sterilization. People with disabilities were also forced to enter institutions and asylums, where many spent their entire lives. The "purification" and segregation of persons with disability were considered merciful actions, but ultimately served to keep people with disabilities invisible and hidden from a fearful and biased society (Anti-Defamation League (ADL), A Brief History of the Disability Rights Movement)

3. Plaintiff, a current member of the Alleghany County School Board, having selflessly sacrificed time, finances, and reputation to protect the civil rights of the disabled and other minority groups to fulfill a National mandate of eliminating disability discrimination was systemically retaliated and punished by the defendants in an arbitrary, prejudicially, wantonly, and freakishly fashion and was done in bad faith and with unclean hands in provocation with the intent to intimidate, threaten, coerce, cause financial catastrophe, great and imminent irreparable harm based on an alleged violation of Virginia Code §24.2-233(1) which is facially patently unconstitutional, void for vagueness, overbreadth in response, to the appellant having exercised U.S. Constitutional Amendment I of speech, redress, and assembly under the protection of Section 504 of the Rehabilitation Act 1973 incorporating Title VI of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 to advocate for the community's most vulnerable children, the disabled, and an African American, all considered a protected class therefore the plaintiff having been granted equal rights and protections in his unwavering commitment to end oppressive and systemic discrimination in fulfilling a National mandate to eliminate discrimination against should have received protection instead of prosecution under §24.2-234 by the defendants.

4. Defendants actions represent a very, very long train of abuses in retaliating against the plaintiff having therefore denied him "equal rights" and prevented him from enforcing those "equal rights" in the State court.

## JURISDICTION AND VENUE

5. Plaintiff brings this action pursuant to 42 U.S.C. §1983, and 42 U.S.C. §1985(3) for violations of civil rights under the U.S. Constitution Amendment I, U.S. Constitution Amendment XIV, U.S. Constitution Amendment VIII, 504 of the Rehabilitation Act 1973 incorporating Title VI of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.

6. The case presents a federal question within this Court's jurisdiction under Article III, §2 of the United States Constitution and 28 U.S.C. §1331;

7. Plaintiff seeks declaratory and injunctive relief involving defendants in a State Court case CL20-827 where *exceptions* to *Younger abstention doctrine* exists including "extraordinary circumstances" like bad faith, harassment, patently unconstitutional, void-for-vagueness, overbreadth of a State Code, and the lack of an adequate State forum. Without declaratory, injunctive relief the plaintiff will not have constitutional protection from great and imminent irreparable harm.

8. Venue is proper in this Court under 28 U.S.C. §1391 because the parties reside in the United States Western District of Virginia and all incidents giving rise to this complaint occurred in this district.

## PARTIES

9. **Plaintiff: Donnie T.A.M. Kern**, appointed board member for the Alleghany County Public Schools (herein after ACPS), term July 1 2018 to June 20 2022. Political Candidate for the Board of Supervisors November 2 2021 election.

10. **Defendant(s):** In their Official Capacities: **George M. Garten,** Chairman and member of ACBS, **Stephen A. Bennett**, member ACBS, **Cletus W. Nicely** member ACBS, **M. Joan Vannorsdall** member ACBS, **James M. Griffith** member ACBS, **Shannon P. Cox** member ACB, **Gregory A. Dodd** member ACBS, **Patrick Jensen** Commonwealth Attorney for Commonwealth of Virginia, Petitioner, **Jim Guynn**, Special Counsel for the Commonwealth of Virginia, Petitioner, and Counsel for ACBS, **Honorable Judge Ed Stein**, Presiding Judge, Alleghany County Circuit Court

## STATEMENT OF THE FACTS

### Virginia Code

11. Virginia Code §24.2-234 allows a governing body to file a petition against an appointed official in State Court if they were appointed by the governing body to

mandate that the appointed official show cause why they should not be removed from their official position. The petition must be filed specific to a violation prescribed under Virginia Code §24.2-233. The defendants alleged the plaintiff violated Virginia Code §24.2-233(1) which states:

> For neglect of duty, misuse of office, or incompetence in the performance of duties when that neglect of duty, misuse of office, or incompetence in the performance of duties has a material adverse effect upon the conduct of the office;

12. §24.2-233(1) is facially unconstitutional, patently unconstitutional, overbreadth, and void-for-vagueness, as the process under Virginia Code 24.2-237 in carrying out the petition is akin to a criminal case (Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)) the plaintiff is a person of reasonable intelligence and in interpreting Virginia Code §24.2-233(1) would have never knew advocating for disabled children would be considered a violation of the State statute.

## Plaintiff's Advocacy for the Disabled

13. Multiple staff, administrators, officers made disparaging statements regarding services for disabled children to the plaintiff including but not limited to Superintendent Eugene Kotulka called a disabled employee a "ADA Compliance Issue" when stating "We have an ADA, we have an ADA compliance issue here as well, a major one, a major, major one". Randy Tucker, School Board Chairman stated on behalf of the school board- "We don't care if a kid needs a dog we're not

supplying the dog". Admissions that the school division was misappropriating funds were also received like this statement made by an administrator in Special Education "...The school district does get more money for special education students but I assure you the special education department doesn't see it...".

14. Plaintiff was presented a complaint by a school division employee in 2018 specific to an African American student being placed in an environment, which was described by a famed child Amy Trail as a "Closet". Amy Trail's statement below (plaintiff has this recorded as well as other conversations):

> "I told her, I am not asking what is going on. I am just telling you whatever it is it can't be right. So you might want to fix that. **I do not want to come down to that school and find out that he is still in a closet somewhere.** And I said it just like that"

The employee stated student was not in the classroom, was not receiving instruction, it was believed that causation was due to the student being African American.

15. Amy Trail a famed child advocate stated to the plaintiff during a conversation between November 20 2018 and December 2 2018 that she obtained enough evidence to file a systemic complaint against the school division. Amy Trail reveals her plan to the plaintiff stating:

> "We just need a couple people, and who better than to get aboard than the one I am going; 'hey **I can file these systemics or you can write policy** so it doesn't happen again, which one is easier' know I mean, I hate to sound that way but that really is my plan now".

16. The plaintiff since his term began on July 1 2018 and in order to **seek the truth** and in an act of impartiality which is prescribed by the plaintiffs sworn oath of office under Virginia Code §49.1, and by the Virginia School Board Associations Member Code of Conduct and with pure intent to eliminate discrimination, and to secure the civil rights of the disabled and an African American which is a national mandate exercised U.S. Constitution Amendment I of speech, redress, and assembly by filing complaints including but not limited to the School Board, School Administration, Child Protective Services, State Officials, United States Department of Education, and the defendants, through means of public address as the issues were a governmental concern and of National importance.

## Defendant's Replaced Protection with Prosecution

17. February 28 2019: members of the ACBS conspired with the ACPS in holding a public caustic-bedlam that inflicted great and imminent irreparable harm to the plaintiff including but not limited to harassment, threats, intimidation, and coercion to cause members of the ACBS to retaliate on March 4 2019.

18. March 4 2019: members of the ACBS conspired in holding a public caustic-bedlam, passing a resolution seeking the plaintiff's resignation that caused great and imminent irreparable harm to the plaintiff including but not limited to harassment, threats, intimidation, and coercion.

19. March 28 2019: members of the ACBS conspired with the ACPS holding a public, caustic-bedlam inflicting great and imminent irreparable harm to the plaintiff including but not limited to harassment, threats, intimidation, and coercion a provocation for July 7 2019.

20. May/June 2019: members of the ACBS conspired with the ACPS inflicting great and imminent irreparable harm to the plaintiff via extreme intimidation by attending the public-school board meetings in a show of force.

21. July 7 2019: members of the ACBS conspired with the ACPS to have employees file complaints against the plaintiff in retaliation inflicting great and imminent irreparable harm to the plaintiff including but not limited to harassment, threats, intimidation, and coercion.

22. October 21 2019: members of the ACBS conspired with the ACPS in having employees file complaints against the plaintiff and subsequently no action was taken, all in an effort to inflict great and imminent irreparable harm to the plaintiff including but not limited to harassment, threats, intimidation, and coercion.

24. September 9 2020: members of the ACBS conspired with the ACPS in publicly announcing an MOU which threaten to censor and distort the plaintiff's pure speech in advocating for disabled students and threatened an investigation to inflict great and imminent irreparable harm to the plaintiff including but not limited to harassment, threats, intimidation, and coercion.

25. October 6 2020: members of the ACBS conspired with the ACPS by allowing ACPS to present before the board to inflict great and imminent irreparable harm to the plaintiff including but not limited to harassment, threats, intimidation, and coercion a precursor to prosecution under Virginia Code §24.2-233(1).

26. October 27 2020: members of the ACBS and Jim Guynn conspired in holding a hearing under oath to inflict great and imminent irreparable harm to the plaintiff including but not limited to harassment, threats, intimidation, and coercion and a precursor to prosecution under Virginia Code §24.2-233(1).

27. November 2020: members of the ACBS and Jim Guynn conspired and threatened the plaintiff to resign via plaintiff's attorney a precursor to prosecution under Virginia Code §24.2-233(1).

28. December 2 2020: members of the ACBS and Jim Guynn conspired and filed a petition which contained false statements was filed in the commission of perjury to inflict great and imminent irreparable harm to the plaintiff consisting but not limited to harassment, intimidation, and censorship.

29. March 3 2021: defendants conspired to appoint Jim Guynn as Special Counsel to the Commonwealth of Virginia to intimidate, harass and violate the plaintiff's due process rights.

30. March 11 2021: defendants conspired in squashing a subpoena for a document request to intimidate, harass, and due process violations.

31. June 2021: members of the ACBS, Jim Guynn, Patrick Jensen conspired in sending a discovery request considered abuse of process and malicious prosecution, to harass and to violate the plaintiff's due process.

32. August 12 2021: defendants conspired to suspend the plaintiff under Virginia Code §24.2-236 to inflict great and imminent irreparable harm to the plaintiff including harassment, threats, intimidation, and due process violations.

33. August 13 2021: defendants conspired to suspend the plaintiff under Virginia Code §24.2-236 to inflict great and imminent irreparable harm to the plaintiff of harassment, threats, intimidation, coercion, violations due process.

34. August 25 2021: defendants conspired to suspend the plaintiff under Virginia Code §24.2-236 by holding a Kangaroo Court-(Nazi style) in violating Federal Jurisdiction to inflict great and imminent irreparable harm to the plaintiff including but not limited to harassment, threats, intimidation, coercion, and due process violations.

35. September 28 2021: defendants conspired in suspending the plaintiff under Virginia Code §24.2-236 to inflict imminent irreparable harm to the plaintiff having endured harassment, threats, intimidation, coercion due process violations.

## CAUSES OF ACTION

## VIOLATIONS OF:

## FIRST, EIGHTH, FOURTEENTH AMENDMENT RIGHTS 42 U.S.C. §1983 and 42 U.S.C. §1985(3), 504 OF THE REHABILITATION ACT OF 1973 INCORPORATING TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 AND THE AMERICANS WITH DISABILITIES ACT OF 1990, EQUAL PROTECTION CLAUSE RIGHTS

36. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

37. In the following paragraphs, references to the First Amendment include the First Amendment as applied to the states through the Fourteenth Amendment, and 504 of the Rehabilitation Act 1973 incorporating Title VI of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.

38. The plaintiff's exercise of the First Amendment including pure speech, redress, and assembly is of governmental concern and a national mandate in-order-to eliminate discrimination of the disabled and an African American.

39. The plaintiff's exercise of the First Amendment including pure speech, redress, and assembly was exercised in order to protect the plaintiff's right to due process under the Fourteenth Amendment.

42. The plaintiff's exercise of the First Amendment of pure speech, redress, and assembly to advocate for the disabled afforded the plaintiff protections from retaliation, intimidation, threats, harassment, coercion. The defendants replaced these protections with actions inflicting great and imminent irreparable harm including but not limited to intimidation, threats, harassment, and the freezing of the plaintiff's constitutionally protected rights, and violating the plaintiffs U.S. Constitution Amendment VIII protection from cruel and unusual punishment as its application was applied in retaliation and the punishment having been imposed arbitrary, prejudicially, wantonly, and freakishly against the plaintiff by the defendants.

44. Virginia Code §24.2-233(1) violates the Equal Protection Clause of the Fourteenth Amendment, both on it's face and as applied because it allowed the defendants to prosecute the plaintiff under Virginia Code §24.2-234 which engages in civil rights discrimination and violations of 504 of the Rehabilitation Act 1973 incorporating Title VI of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 and penalizes individuals who seek to advocate for the disabled to eliminate discrimination which is a national mandate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgement and the following relief:

A. Declare that §24.2-233(1) of the Virginia Code violates the First and Fourteenth Amendment of the United States Constitution, both on it's face and as applied.

B. Preliminarily and permanently enjoin the Defendants, officers, agents, servants, employees, and attorney's and those persons in active concert or participation with them who receive actual notice of this injunction from continuing to intimidate, harass, coerce, threaten the Plaintiff, and to withdraw the petition filed under Virginia Code §24.2-234.

C. Award the Plaintiff all costs and reasonable attorney fees paid and incurred in this action as allowed under Virginia Code §24.2-238

D. Compensatory and/or Nominal Damages

E. Enjoin the defendants in removing the resolution passed on March 4 2019 and replace it with something befitting the plaintiff's unwavering support for the disabled and a National mandate to eliminate discrimination.

E. Grant Plaintiff such other relief as this Court may deem just and proper.

## DECLARATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 and the foregoing is true and correct on this __18__ day of October 2021.

_____
Donnie T.A.M. Kern, Pro Se
Plaintiff
115 Church Street
Clifton Forge, Virginia 24422
quilltaxation@gmail.com
540-958-4958